# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class DIMITRI R. SMITH
### United States Air Force

## ACM 38845

## 7 June 2016

Sentence adjudged 8 January 2015 by GCM convened at Mountain Home Air Force Base, Idaho. Military Judge: Lyndell M. Powell (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 28 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Captain Tyler B. Musselman and Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

DUBRISKE, Judge:

Appellant, in accordance with his guilty plea, was convicted by a military judge sitting alone of sexual assault, in violation of Article 120, UCMJ, 10 U.S.C. § 920. Pursuant to a pretrial agreement, two additional specifications of sexual assault involving the same victim were dismissed by the Government after acceptance of Appellant's guilty plea.

Appellant was sentenced to a dishonorable discharge, 42 months of confinement, total forfeiture of pay and allowances, and reduction to E-1. The dishonorable discharge was a mandatory punishment under Article 56, UCMJ, 10 U.S.C. § 856, given the nature

of the offense of which Appellant was found guilty. The convening authority only approved 28 months of confinement, pursuant to the terms of the pretrial agreement; otherwise, he approved the sentence as adjudged.

Appellant now argues on appeal he is entitled to a reduction of his sentence due to a violation of his right to timely post-trial processing. While the Government's post-trial processing of Appellant's case was far from exemplary, we decline to grant relief in this particular case.

*Post-Trial Processing Delays*

Appellant asserts this court should grant him meaningful relief in light of the 158 days that elapsed between the completion of trial and the convening authority's action. Under *United States v. Moreno*, courts apply a presumption of unreasonable delay "where the action of the convening authority is not taken within 120 days of the completion of trial." 63 M.J. 129, 142 (C.A.A.F. 2006). Appellant does not assert any prejudice, and we independently find Appellant suffered no prejudice from the delay that would authorize *Moreno* relief. Appellant instead argues the court should nonetheless grant relief under *United States v. Tardif*, 57 M.J. 219, 223–24 (C.A.A.F. 2002).

Under Article 66(c), UCMJ, 10 U.S.C. § 866(c), this court is empowered "to grant relief for excessive post-trial delay without a showing of 'actual prejudice' within the meaning of Article 59(a), if it deems relief appropriate under the circumstances." *Id.* at 224 (quoting *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000)). In *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006), our superior court held that a service court may grant relief even when the delay was not "most extraordinary." The court held, "The essential inquiry remains appropriateness in light of all circumstances, and no single predicate criteria of 'most extraordinary' should be erected to foreclose application of Article 66(c), UCMJ, consideration or relief." *Id.*

This court set out a non-exhaustive list of factors we consider when evaluating the appropriateness of *Tardif* relief in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016). Those factors include how long the delay exceeded appellate review standards, the reasons noted by the Government for the delay, whether the Government acted with bad faith or gross indifference, evidence of institutional neglect, harm to the appellant or the institution, the goals of justice and good order and discipline, and, finally, whether the court can provide any meaningful relief given the passage of time. *Id.* No single factor is dispositive, and we may consider other factors as appropriate. *Id.*

The Government justifies the delay by pointing to the post-trial hearing ordered in this case to correct a typographical error on the charge sheet. In support of this claim, the Government submitted an affidavit from a base-level judge advocate who explained the

circumstances surrounding the hearing and the delay it caused to the overall post-trial processing of the case. The delay from the convening authority's post-trial hearing order until transcript authentication by the military judge accounted for only 34 of the 158 days in this case. Given the relatively short delay caused by the post-trial hearing, the Government's reliance on this event as its primary justification for denying *Tardif* relief is misplaced.

Additionally, while the Government's brief is quick to point out the trial defense counsel was ultimately responsible for 25 of the 34 days it took to complete the post-trial hearing, neither the brief, nor its attached affidavit, addresses significant periods of inaction on the part of the Government. For example, the affidavit notes the numbered air force legal office identified the need for a post-trial hearing on 9 February 2015. The hearing, however, was not ordered until 10 March 2015, some 29 days later. Additionally, we note that, based on the timeline submitted in the Government's brief, it took over a month from authentication of the post-trial hearing transcript to author the staff judge advocate's recommendation (SJAR) in this case. The addendum to the SJAR was then completed 12 days after submission of clemency matters by Appellant and his defense counsel. The explanation of these delays, primarily attributed to the numbered air force legal office, should have been the focus of the Government's brief and its supporting affidavit.

On the whole, however, we find the presumptively unreasonable delay does not merit sentencing relief in this case. While the timeliness concerns and the post-trial processing errors, as noted in more detail below, provide some evidence of institutional neglect, we find the majority of factors employed when considering *Tardif* relief weigh in favor of the Government in this particular case.

*Post-Trial Processing Errors*

As with a number of cases docketed with this court, we unfortunately must again discuss two discrepancies in the post-trial processing documents that impact the accuracy of the advice provided to the general court-martial convening authority by his staff judge advocate (SJA). First, while the SJA in his recommendation properly noted the terms of Appellant's pretrial agreement required the convening authority to only approve 28 months of confinement, the SJA then erroneously recommended in the SJAR and its addendum that the convening authority approve the sentence as adjudged by the court at trial.

Second, we note the SJAR and its addendum failed to advise the convening authority of the restrictions on his authority to disapprove both findings and sentence under Article 60, UCMJ, 10 U.S.C. § 860. Given the date of Appellant's offense, the convening authority had no authority to disapprove the guilty finding or reduce Appellant's punitive discharge or term of confinement beyond what was agreed upon in the pretrial agreement. The SJA's silence is of particular concern in this case given Appellant requested the convening authority further reduce his sentence to confinement as a form of clemency.

Although we find no prejudice to Appellant from these discrepancies, we once again remind staff judge advocates and their staffs of the importance of timely and accurate post-trial processing. *See United States v. Parker,* 73 M.J. 914, 921 (A.F. Ct. Crim. App. 2014) ("The Government's neglectful post-trial processing . . . created an issue where none should have existed."). Errors such as the ones made in this case can easily be eliminated if sufficient attention is dedicated to this important phase of our trial practice.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court